UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-82110-CIV-MARRA

FLAGLER BANK,

Appellant,

vs.

NICOLE TESTA MEHDIPOUR, as the
Chapter 7 Trustee for the jointly administered
bankruptcy estates of Chariots of Palm Beach,
Inc. and H & S Inc.,

Appellee.
_____/

## **OPINION AND ORDER ON MOTION FOR LEAVE TO APPEAL**

This cause is before the Court upon Appellant Flagler Bank's Motion for Leave to Appeal (DE 1). Appellee Chapter 7 Trustee Nicole Testa Mehdipour filed a Response (DE 12) and Appellant filed a Reply (DE 13). The Court held a hearing on June 24, 2021. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Appellant Flagler Bank's ("Flagler") Flagler seeks leave to appeal the bankruptcy court's November 3, 2020 order denying Flagler's motion to dismiss the bankruptcy case for lack of subject matter jurisdiction. (DE 1-1.) Flagler contends that the bankruptcy court's order is final and immediately appealable. Alternatively, Flagler moves for leave to appeal the bankruptcy court's order. With respect to that argument, Flagler contends the bankruptcy court's order raises a question of controlling law in which there is a substantial ground for a difference of opinion and that an immediate appeal would materially advance the termination of this litigation.

The bankruptcy court addressed Flagler's motion to dismiss for lack of subject matter jurisdiction in an oral ruling. (Transcript, DE 15.) Flagler asserted that the individual who signed the bankruptcy petition lacked the requisite corporate authority to execute the petition and direct its filing. As a result, Flagler claimed that the bankruptcy court lacked subject matter jurisdiction over the bankruptcy case. (Id. at 15.)[1]

The bankruptcy court stated that it "strongly doubts" that Flagler had standing to contest the bankruptcy court's jurisdiction over the debtors because none of these persons or entities were owners or officers of the debtor, but creditors of the estate. (Id. at 16.) The bankruptcy court then discussed the factual record and determined, over no objections by the parties, that an evidentiary hearing was unnecessary. (Id. at 24.) After examining the evidence, the bankruptcy court determined that, even if an unauthorized individual lacked the authority to file the bankruptcy petition on the petition date, "the debtor . . . anticipated the filing, planned and prepared for the execution of all necessary documents, and ratified the filing of the bankruptcy petitions through the actions of authorized persons after the petition date." (Id. at 26.) Citing several cases, the bankruptcy court noted that other courts with defective petitions have permitted ratification of petitions "under circumstances that were far less clear than the ones the [bankruptcy c]ourt faces today." (Id. at 27.) As such, the bankruptcy court held that it possessed subject matter jurisdiction over the bankruptcy case. (Id. at 29.)

The Court begins its analysis by addressing Flagler's assertion that the bankruptcy court's order was final and the order in question is appealable as a matter of right. The Court finds the case of Barben v. Donovan (In re Donovan), 532 F.3d 1134, 1137 (11th Cir. 2008), to be controlling. While the Court in Barben acknowledged that finality in bankruptcy is given a

---

[1] In referring to page numbers of the transcript, the Court uses the page numbers from the transcript, and not the CM/ECF page numbers.

"more flexible interpretation" since "bankruptcy is an aggregation of controversies and suits," the Court recognized that "to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Id. at 1136-37 (internal quotation marks omitted).  Hence, the Court in Barben held that a denial of a motion to dismiss a bankruptcy case as abusive was not a final order when the bankruptcy court permitted the Chapter 7 case to continue. Id. at 1137.

Here, the order in question does not "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  Rather, the order in question only resolves one discrete issue within the context of the overall case.  The Court rejects Flagler's attempt to distinguish the holding of Barben from the facts presented here.  Thus, the Court rejects Flagler's claim that the order in question is final and appealable as a matter of right.[2]

The Court now turns to whether Flagler has met the requirements of an interlocutory appeal. District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. § 158(a).  That provision, however, does not provide the district court with any criteria for determining how to exercise its discretionary authority to grant a leave to appeal.  Therefore, a district court must instead look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the courts of appeal. In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).  In order to grant interlocutory review under 28 U.S.C. § 1292(b), a party must demonstrate that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion

---

[2] The Court also rejects Flagler's reliance upon Ullrich v. Welt (In re Nica Holdings, Inc.), 810 F.3d 781 (11th Cir. 2015).  In Nica, the appellant sought to dismiss the bankruptcy petition on the grounds that the appellee lacked authority to put an entity into bankruptcy.  The bankruptcy court denied the motion to dismiss and the district court denied the motion for an interlocutory appeal. Id. at 784.  Therefore, Nica arose in the same posture as the instant case, where an interlocutory appeal was not permitted.  Although the issue of finality was not addressed by the Court of Appeals, this Court finds that Nica supports its conclusion that an order denying a motion to dismiss based on an alleged lack of authority to put a debtor into bankruptcy is not a final order.

3

among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).

Even applying these factors, the moving party still has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals). Moreover, district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule. United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989). Put another way, "[r]outine resort to [section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." Caterpiller Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

With these principles in mind, the Court concludes that Flagler has not met the standard for a discretionary interlocutory appeal, and thus exercises its discretion to deny the motion for leave to appeal. With respect to a controlling question of law, Flagler asserts that "[a] court's order determining whether it has jurisdiction to enter an order necessarily involves a controlling question of law." (Mot. at 15.)[3] The Court disagrees. Here, the bankruptcy court based its decision on a factual determination that the filing of the bankruptcy petition was properly ratified. See In re Poe Fin. Grp., Inc., No. 06-BK-04288-CPM, 2010 WL 2431919, at *2 (M.D. Fla. June 16, 2010) ("[t]o decide on the issue of subject matter jurisdiction this Court would have

---

[3] The Court refers to the CM/ECF page number because the Motion is only paginated on pages 1-9.

to analyze the record, and decide the rights of individual parties. Doing this would not be quick and clean.").[4]

Even assuming the Court considers the issue of whether the unauthorized filing of a bankruptcy petition can be ratified as a controlling question of law, Flagler has not demonstrated that there is substantial ground for difference of opinion among courts. Flagler points to several cases it claims supports the position that ratification does not apply in bankruptcy.[5] (Mot. at 15-16.) The Court is not persuaded. While the bankruptcy court in In re Zaragosa Properties, Inc., 156 B.R. 310, 313 (Bankr. M.D. Fla. 1993), held that ratification was not applicable in the bankruptcy context, it did so without providing any supporting precedent. With respect to Flagler's reliance on Price v. Gurney, 324 U.S. 100 (1945), the Court rejects Flagler's contention that this case held that ratification of a bankruptcy petition is impermissible. Instead, Price merely stated that if a court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." Id. at 106. The facts of Price, however, did not involve the question of ratification.[6] See Hager v. Gibson, 108 F.3d 35, 39 (4th Cir. 1997) ("Critically, however, Price

---

[4] The instant case differs greatly from the case cited by Flagler in support. (Mot. at 15.) Besides not being controlling authority, BancBoston Real Estate Capital Corp. v. JBI Assocs. Ltd. Pshp. (In re Jackson Brook Inst., Inc.), addressed whether a removed foreclosure action was a core or noncore matter. BancBoston Real Estate Capital Corp. v. JBI Assocs. Ltd. Pshp. (In re Jackson Brook Inst., Inc.), 227 B.R. 569, 582 (D. Me. 1998).

[5] Even before reaching the issue of ratification, there is an issue of whether Flagler, as a creditor, had standing to raise this jurisdictional issue. There does not appear to be a substantial disagreement among courts that a creditor does not have standing to challenge the alleged lack of corporate authority. See e.g., In re Pro. Success Seminars Int'l, Inc., 18 B.R. 75, 76 (Bankr. S.D. Fla. 1982).

[6] The remaining cases cited by Flagler on this point are not in this jurisdiction and do not address the issue of ratification. As for other cases in this Circuit that have addressed ratification of bankruptcy petitions, those cases have permitted ratification. See, e.g., Jape v. Reliable Air, Inc. (In re Reliable Air, Inc.), No. 05-85627, 2007 WL 7136475, at *7 (Bankr. N.D. Ga. Mar. 9, 2007).

did not address whether the required authorization under local law could be found in ratification/relation back doctrine. It therefore does not foreclose that possibility.").

Lastly, with respect to material advancement of the ultimate termination of this case, the Court gives little weight to this factor. It is true that if a party who loses on a motion to dismiss is granted leave to take an interlocutory appeal, and that party is successful in getting the denial of the dismissal reversed, it has advanced the litigation by resolving the case prior to summary judgment or trial. But this potential exists in every case where a motion to dismiss is denied. Giving significant weight to this potentiality would entitle every party who does not prevail on a motion to dismiss the ability to take an interlocutory appeal. Clearly, that is not what the law intends. Here, once the bankruptcy court renders its final judgment, Flagler will be able to take a direct appeal to challenge any and all rulings of the bankruptcy court. By following that approach, judicial efficiency will best be served. In re Cutuli, No. 12-20280-MC, 2012 WL 443048, at *3 (S.D. Fla. Feb. 10, 2012). Flagler has not demonstrated that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband, 437 U.S. at 475.

For the foregoing reasons, Flagler's Motion for Leave to Appeal (DE 1) is **DENIED.** The

Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.[7]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July, 2021.

KENNETH A. MARRA
United States District Judge

---

[7] As for Appellee's request for sanctions, the motion is denied. The Court cannot conclude that this appeal was taken in bad faith, especially since Appellee failed to provide the Court with any guidance on the issues presented, whether the order in question was final or whether the order met the criteria for the taking of a discretionary interlocutory appeal.